IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARLON E. BRACKEN, ) | | |
|     Plaintiff ) | | |
| ) | | |
| v. ) | | Case No. |
| ) | | |
| ROUNDY'S ILLINOIS, LLC, d/b/a ) | | JURY TRIAL DEMANDED |
| MARIANO'S, ) | | |
|     Defendant ) | | |

**COMPLAINT AT LAW**

This is a refiled action of Complaint 1:19-cv-03940 that was voluntarily withdrawn on July 12, 2022. As stated in the earlier case, this matter is submitted to address racial discrimination under Title VII of the Civil Rights Acts of 1964 and 42 U.S.C. § 1981, in that Plaintiff MARLON E. BRACKEN was denied a fair opportunity to be hired and promoted to the position of meat cutter, at the MARIANO'S store located at 2999 Waukegan Road, Bannockburn, Illinois because of Plaintiff's race, African American.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343, and 1345. This action is brought within one year of the previously withdrawn case and is authorized and instituted pursuant to the Civil Rights Act of 1991, 42 U.S.C. § 1981 a., and Title VII of the

1

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), (hereafter referred to as "Title VII").

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391, because Defendant ROUNDY'S ILLINOIS LLC d/b/a MARIANO'S is an Illinois limited liability corporation, doing business in several locations with the Northern District of Illinois.

## PARTIES

3. The Plaintiff, MARLON E. BRACKEN (hereafter "Plaintiff and/or "MARLON"), is a U.S. citizen who resides in Lake County, in the State of Illinois. At all material times, Plaintiff employed by ROUNDY'S ILLINOIS LLC, d/b/a MARIANO'S (hereafter "Defendant" and/or "MARIANO'S") in the position of a meat clerk at MARIANO'S located at 2999 Waukegan Road, Bannockburn, Illinois – the corporate entity and employer identified on Plaintiff's annual IRS W-2 tax form was, Kroger, 1014 Vine Street, Cincinnati, Ohio 45202.

4. The Defendant operates several Mariano's Grocery Stores throughout Cook County, Will County and Lake County, Illinois, and throughout the Chicago metropolitan are within the Northern District of Illinois.

## STATEMENT OF FACTS

5. Working in the meat industry as a meat cutter or butcher is a trade that requires a natural progression of training. To start a career as a meat cutter, an individual will need to

develop skills with knives, knowledge of animal anatomy and receive training to work in cold temperatures.

6. Within the meat industry, a "meat clerk" is the lowest paid position of the meat cutter profession. Meat clerks are usually assigned the duties and responsibilities of wrapping the meat that has been cut and slicing the lunch meat, as well as the responsibility to thoroughly clean the meat shop at night.

7. Before a person that has been hired as a "meat clerk" may be promoted or advanced to the position of "journeyman meat cutter," an individual must first have experience working in the industry for a few which is often called an apprentice period. Two years of apprentice experience as a meat cutter, while under the supervision of a journeyman meat cutter, is routinely sufficient to qualify for the advancement to a journeyman meat cutter position.

8. The average annual wage for a journeyman meat cutter MARIANO'S is approximately $25 to $27 per hour which translates into an annual salary of approximately $54,000/year, while a Level 3 meat clerk at MARIANO'S in the Chicago area earn an annual salary of about $31,000.

9. Prior to applying for a journeyman meat cutter position with MARIOANO'S in February of 2017, Plaintiff had been employed by stores operated and owned by the parent corporation of MARIANO'S name Kroger/Roundy's Incorporated and had been trained and worked as an experienced meat cutter for over 13 years.

10. From August of 1982 and continuing until 1990, Plaintiff was employed as a meat cutter for Murco, Incorporated (Swift) located in Plainfield, Michigan.

11. From 1990 until 1996, Plaintiff was employed as an experienced meat cutter for two Kroger owned grocery stores: Cub Food in Indianapolis, Indiana and Archer Meats located in Greenwood, Indiana.

12. Sometime before February 2017, MARIANO'S through the Kroger Corporation website, solicited applications for individuals to apply for available journeyman meat cutter positions, electronically, on-line.

13. Following Plaintiff's unsuccessful submission of his application for the meat cutter position through the Kroger Corporation website on-line, Plaintiff in February 2017, visited Mariano's Grocery located at 450 Half Day Road, in Buffalo Grove, Illinois to apply, in-person, for a journeyman meat cutter position.

14. While at the Mariano's store in Buffalo Grove, Illinois, Plaintiff met with the Human Resources Director, Kelly Anne, to inquire about the journeyman meat cutter position that was listed on the Kroger website.

15. During his meeting with Kelly Anne, Plaintiff was told that while there were no vacant meat cutter positions available at the Buffalo Grove location, Plaintiff was clearly qualified to hired as a Level 3 meat clerk immediately. Plaintiff accepted the Level 3 meat clerk position and began to work for the Mariano's store located at 450 Half Day Road, in Buffalo Grove, Illinois, in order to begin to earn seniority as a Mariano's employee for available future meat cutter advancement opportunities.

16. In July of 2017, Plaintiff learned that a meat cutter position became available at the MARIANO'S located at 2999 Waukegan Road, Bannockburn, Illinois. Plaintiff immediately applied for the position with the assistance of the Human Resource Department at the Mariano's in the Buffalo Grove, Illinois store.

17. In or about mid-September 2017, Plaintiff was informed by another Human Resource officer, that Plaintiff had been selected for the vacant meat cutter position and was thereafter transferred to the MARIANO'S store located at 2999 Waukegan Road, Bannockburn, Illinois with a start date of October 4, 2017.

18. On October 2, 2017, a representative at the MARIANO'S store located at 2999 Waukegan Road, Bannockburn, informed Plaintiff that he would not be assigned the position of meat cutter as had been told him, but instead, would continue in the position as a meat clerk. This is because the meat cutter position had been given to another individual who purportedly had more seniority as a MARIANO'S employee.

19. On October 4, 2017, Plaintiff, as directed, reported to work in the meat department at the MARIANO'S store located at 2999 Waukegan Road, Bannockburn, Illinois. Plaintiff was then told by the meat department merchandiser Chris Piane, that he was not assigned the position of meat cutter because he "did not fit the profile."

20. On October 6, 2017, Plaintiff learned that the Defendant had recently hired two, non-African American meat cutters, after refusing to first offer and available vacant position to Plaintiff, an experienced and qualified African American meat cutter. Plaintiff also learned that neither of the newly hired, non-African American meat cutters had been employed with the Defendant before being hired, and therefore, had no MARIANO'S employment security for advancement when compared to Plaintiff, who had been hired by the Defendant in February of 2017.

21. Plaintiff immediately complained about what he perceived as unfair treatment and suspected racial discrimination in denying him the opportunity to be advanced to one of the available meat cutter positions that had already been filled. In response to Plaintiff's complaints,

the Defendant's supervisors, managers and agents took steps to conceal and cover-up their suspected racial discriminatory conduct by falsely telling Plaintiff that he could not be assigned or promoted to a meat cutter position because he did not possess a meat cutter certification, and further falsely claimed that Plaintiff's prior work experience as an experienced meat cutter for several other Kroger stores could not be considered because his meat cutter experience was not with any Mariano's store.

22. In response to these false explanations, Plaintiff filed a grievance with his local union, Local 881, United Food and Commercial Workers International Union ("UFCW"), alleging racial discrimination and unfair treatment. In an attempt to address Plaintiff's racial discrimination grievance, Defendant agreed to advance Plaintiff to a meat cutter position if Plaintiff could demonstrate his meat cutter experience by completing a meat cutter "skills test." Plaintiff agreed and waited for a meat cutter "skills test" to be given.

23. When Defendant failed to arrange and/or schedule a time for Plaintiff to take the agreed meat cutter "skills test," Plaintiff again complained to his supervisors. Thereafter, on October 18, 2017, Chris Piane, the Defendant's supervisor, and meat merchandiser who had refused to hire Plaintiff for the available position of meat cutter, hastily delivered to Plaintiff what Piane described as a meat cutter "skills test" written on a card. Piane then instructed Plaintiff to the meat case and properly identify and select the particular portions of meat that would be cut, such as "Top Round," "Sirloin Tip," "Shoulder Cod," "Shank," and "BI Strip."

24. Per written instructions provided by Chris Piane, Plaintiff properly identified, cut, and displayed the specific cuts of meat from each meat portion as has been directed – such as "round top steaks," "roasts," "boneless short ribs" and a "cut-up whole chicken fryer."

25. The skills test was given by Piane to Plaintiff to complete in the back of the meat department during Plaintiff's lunch break, while Piane continuously worked out-front.

26. After Plaintiff completed all of the requested meat cuts specified, Piane quickly looked at the displayed meat cuts and made server general, negative comments about how Plaintiff had trimmed several cuts, how Plaintiff made a cut on an improper angle, and how Plaintiff could have made other cuts to produce additional sellable meat cuts from the available larger sections. Piane then took photographs of the meat cuts completed by Plaintiff and directed Plaintiff to return to his workstation at the grill of the meat department.

27. Without explanation and notwithstanding Plaintiff's clear demonstration of his knowledge and experience as a meat cutter, Piane refused to assign Plaintiff to a meat cutter position and instead order Plaintiff to simply return to the grill, where he was assigned to cook meat as requested by customers. After observing Piane taking photographs of the meat cuts displayed by Plaintiff as instructed as part of the "skills test," Plaintiff also took photographs of the displayed meat cuts that he made for the "skills test."

28. On October 25, 2017, after Plaintiff had not been promoted to a meat cutter position by Piane, Plaintiff filed another grievance with this union, Local 881, UFCW, specifically alleging racial discrimination against Piane and further requested that someone, other than Piane administer another meat cutter "skills test" in order to support Plaintiff's immediate promotion to a meat cutter position.

29. In response to this second grievance, Plaintiff met with Christa Bartolini, Vice President of Human Resources, along with his local Union 881 representative. Following this meeting, Plaintiff was advised that the Defendant and the Union did not find that Plaintiff had been the victim of racial discrimination and that Chris Piane's opinion that Plaintiff had not

demonstrated sufficient meat cutter skills required by the Defendant's store meat department and therefore Plaintiff was properly denied promotion to a meat cutter position.

30. On May 31, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereafter "EEOC") alleging racial discrimination for failure to promote him to a meat cutter position on October 6, 2017. He EEOC issued a Right to Sue letter on March 15, 2019.

## COUNT I – RACIAL DISCRIMINATION

31. Plaintiff repeats, re-alleges and incorporates by reference the factual allegations of paragraphs 1 through 29, as if fully set forth herein as paragraph 30.

32. Plaintiff is a member of a protected class, African American, as recognized by Title VII, and Title 42, United States Code, Section 1981.

33. As an experienced, full-time employee assigned to work in the meat department of the Defendant's location in Buffalo Grove, Vernon Hills, and Bannockburn, Illinois, Plaintiff at all times met and exceeded MARIANO'S legitimate job expectations as a Level 3 met clerk.

34. On or about October 4, 2017, Plaintiff suffered an adverse employment action, in that Defendant, by and through its managers, agents and supervisors assigned to the MARIANO'S store located in Bannockburn, denied Plaintiff advancement and promotion to the higher position of meat cutter, the position that was promised to Plaintiff in conjunction with approving Plaintiff's transfer and reassignment from the Mariano's store located in Buffalo Grove to the MARIANO'S located in Bannockburn, Illinois in mid-September 2017.

35. In response to Plaintiff complaining about being denied the promised advancement and promotion to a meat cutter position at MARIANO'S, the Defendant, by and through its managers, agents and supervisor assigned to Plaintiff had to their store unfairly disregarded Plaintiff's prior work experience as a meat cutter and instead subjected Plaintiff to an unfair "skills test" ostensibly to demonstrate Plaintiff's knowledge and experience as a meat cutter.

36. Similarly situated non-African American meat cutters hired by the Defendant to work in the meat department in the position as meat cutter at the Defendant's location at 2999 Waukegan Road, Bannockburn, Illinois were treated more favorably, in that they were hired and assigned to meat cutter positions in reliance on their prior work experience as meat cutters, and without being subjected to the same, unfair "skills test" that Plaintiff had to be required to complete.

37. Defendant's complete disregard of Plaintiff's prior work experience as meat cutter and requirement that Plaintiff demonstrate his knowledge and experience as a meat cutter by completing a different "skills test" that was not required to be taken by any other non-African American meat cutter hired by Defendant, was improper and constituted disparate treatment and racial discrimination of Plaintiff because of his race – African American.

38. Defendant's conduct and acts of racial discrimination against Plaintiff, were intentional, malicious, and done with a complete disregard to Plaintiff's civil rights as protected by Title VII and the Civil Rights Act of 1964 and constituted willful and unlawful race discrimination as prescribed by Title 42, United States Code, Section 1981.

39. As a result of the aforementioned discriminatory acts of Defendant, by and through its agents, managers, and supervisors, Plaintiff suffered and will likely continue to

suffer, grievous harm, including, without limitation, substantial loss of income and benefits, loss of earnings potential, severe damage to his professional reputation, humiliation among co-workers and emotional harm.

      WHEREFORE, Plaintiff asks this Court to grant the following relief:

          A.    Compensatory damages and pecuniary damages;

          B.    Punitive damages;

          C.    Attorney fees and litigation costs; and

          D.    Such other relief as the Court may find just and appropriate.

## COUNT II – RETALIATION

40.    Plaintiff repeats, re-alleges and incorporated by reference the factual allegations of paragraphs 1 through 38, as if fully set forth herein in paragraph 39.

41.    On May 31, 2018, Plaintiff filed a Charge of Discrimination with the EEOC alleging racial discrimination in failing to promote Plaintiff to a meat cutter position from his current position as a meat clerk.

42.    On June 12, 2018, the Defendant was notified of Plaintiff's EEOC charge alleging racial discrimination electronically.

43.    On November 1, 2019, Defendant took an adverse employment action against Plaintiff by demoting and reassigning Plaintiff to the "delicatessen" by prohibiting Plaintiff from performing any of his regular duties as a Level 3 meat clerk. Defendants also prohibited Plaintiff

from working additional hours in the evenings as an available meat cutter, even though Plaintiff was not paid as a meat cutter when he worked as a meat cutter during the evening hours.

44. But for filing his EEOC Complaint on May 31, 2018, Defendant on November 1, 2019, would not have abruptly reassigned Plaintiff to the lesser skilled position of "deli clerk," and would not have taken action to prevent Plaintiff from working additional hours as the evening meat cutter, since Plaintiff had for several months, satisfactorily performed all meat cutter duties during evening store hours prior to filing the EEOC Charge of Racial Discrimination.

45. Defendant's reassignment of Plaintiff to the lesser skilled position of "deli clerk" at Defendant's store in Bannockburn in November of 2019, and further action preventing Plaintiff from working additional hours as the evening meat cutter, in retaliation for Plaintiff's filing and pursuing his EEOC Complaint of May 31, 2018, constituted willful and unlawful retaliation and interference with Plaintiff's protected rights as provided by Title 42, United States Code, Section 1981.

46. As a result of unlawful retaliation by the Defendant, Plaintiff has suffered and will likely continue to suffer severe financial harm, including, without limitation, substantial loss of income and benefits, loss of earning, potential severe damage to his professional reputation, humiliation and emotional distress.

WHEREFORE, Plaintiff asks this Court to grant the following relief:

    A.    Compensatory damages and all pecuniary damages;

    B.    Punitive damages;

    C.    Attorney fees and litigation costs; and

      D.      Such other relief as the Court may find just and proper.

Respectfully Submitted By,   /s/ John M. O'Toole
                                                  Attorney for the Plaintiff

John M. O'Toole
Attorney No.:        6199003
Firm:                O'Toole Law Firm, LLC
Address:           150 S. Wacker Drive, Suite 2400, Chicago, IL. 60606
Office Phone:      (312) 546-5057
Cell Phone:        (312)560-8981
FAX:               (312)546-5123
E-Mail:             john@otoolelaw.net